THE STATE OF SOUTH CAROLINA

The Supreme Court of South
Carolina

 
 
 
 Frances Walsh as Personal
 Representative of the Estate of Jerome Walsh, Deceased, and in her
 individual capacity, Petitioner,
 v.
 Joyce K. Woods, f/k/a Joyce K. Walsh,
 Respondent.
 
 
 

ORDER GRANTING
PETITION FOR REHEARING

Respondent has filed a Petition for Rehearing.  After
careful consideration, the Court grants the petition for the sole purpose of
correcting the date on which the present action was commenced in the previously
filed opinion and denies the petition as to all other issues.  We withdraw
the filed opinion and substitute the attached opinion.

 
 
 
 
 s/Jean H. Toal                                     
 C.J.
 s/James E.
 Moore                                  
 J.
 s/John H. Waller,
 Jr.                                
 J.
 s/E. C. Burnett,
 III                                     
 J.
 s/Costa M. Pleicones                             
 J.
 
 
 

Columbia, South Carolina
November 21, 2005
THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Frances Walsh as Personal Representative of the Estate of Jerome Walsh, Deceased, and in her individual capacity,
Petitioner,
v.
Joyce K. Woods f/k/a Joyce K. Walsh, Respondent.
 
 
 

ON WRIT OF CERTIORARI
TO THE COURT OF APPEALS

Appeal From Aiken County
 Rodney A. Peeples, Circuit Court Judge

Memorandum Opinion No. 2005-MO-043
Submitted August 24, 2005 - Refiled November 21, 2005

REVERSED AND REMANDED

 
 
 
Russell H. Putnam, Jr., of Hinesville, Georgia, for Petitioner.
John S. Nichols, of Bluestein & Nichols, L.L.C., and Kelli Lister Sullivan, of Berry Quackenbush & Stuart, P.A., both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari following the denial of her petition for rehearing to the Court of Appeals.  We grant the petition, dispense with further briefing, reverse the decision of the Court of Appeals and remand this matter to the Court of Appeals for consideration of petitioners arguments.
Petitioner brought suit against respondent seeking to enforce her rights in the surviving spouse benefit (SSB) payments from her late-husband Jerome Walshs retirement plan.  The circuit court granted summary judgment in favor of respondent finding the holding in Hopkins v. AT&T, 105 F.3d 153 (4th Cir. 1997) determinative of the entire case.
The Court of Appeals affirmed the decision of the circuit court solely because of its finding that petitioners action was barred by the statute of limitations.  Walsh v. Woods, 358 S.C. 259, 594 S.E.2d 548 (Ct. App. 2004). 
Petitioner contends the Court of Appeals erred in finding her causes of action for breach of contract and conversion accrued more than three years prior to the commencement of the present action.  We agree.  
While we make no decision regarding the merits of petitioners claims, we find they are not barred by the statute of limitations because they did not accrue until respondent actually began receiving the SSB payments on September 30, 1998, which was less than three years prior to the commencement of the present action on February 12, 2001.  See S.C. Code Ann. §§ 15-3-530(1) and -530(5) (2005).  We therefore reverse the decision of the Court of Appeals and remand this matter to the Court of Appeals to rule on the merits of the circuit courts prior grant of summary judgment in favor of respondent.   
REVERSED AND REMANDED.  
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.